BRIDGET SHEEHAN, RELATOR, v. EDWARD W. LEE, DI-
RECTOR OF REVENUE AND FINANCE, AND FRED-
ERICK W. DONNELLY ET AL., THE POLICE AND FIRE
PENSION COMMISSION OF TRENTON, NEW JERSEY,
RESPONDENTS.

Submitted July 7, 1921—Decided November 22, 1921.

By force of the act of March 24th, 1899, as amended by the act of
1912 (*Supp. Comp. Stat.,* pp. 659, 660, §§ 166, 167), a janitress
in the police department of the city of Trenton, upon her ap-
pointment in 1916, immediately became a member of the "police
force" of the city; and the Police and Firemen Pension act of
1920 (*Pamph. L.,* p. 324) conferred upon her the right to have
her name placed upon the roll of members of the police depart-
ment entitled to the benefit of the pension fund created by that
act, and to have the amount of her contributions to such fund
fixed and deducted from her salary and paid into the fund, and
this is so, even though she had not contributed to the pension
fund created and existing prior to the act of 1920.

On rule to show cause why a writ of *mandamus* should not
issue.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the relator, *Henry M. Hartman.*

*Pro se, Edward W. Lee* and others.

The opinion of the court was delivered by

TRENCHARD, J. The relator was duly appointed to the
position of janitress in the police department of the city of
Trenton on July 16th, 1916, and has continued to serve in
such position since the date of her appointment.

When the Police and Firemen Pension act of 1920 (*Pamph.
L.,* p. 324) took effect in that city, and providing for the re-
tirement and pension, under certain conditions, of members
of the police and fire departments, the relator claimed the

right to participate in the benefits of pension fund provided for by that act. That right being denied, she seeks a writ of *mandamus* to compel the police and fire pension commission of the city to place her name upon the roll of members of the police department entitled to the benefit of the fund and to fix an amount to be paid by her to that fund, pursuant to section 4 of the act, and to compel the director of revenue and finance to deduct from her salary the amount so fixed and pay the same to such commission.

We are of the opinion that she is entitled to the writ.

By force of the act of March 24th, 1899, as amended by the act of 1912 (*Supp. Comp. Stat., pp.* 659, 660, §§ 166, 167), the relator, immediately upon her appointment, became a member of the "police force" of the city and was entitled to the benefit of then existing pension acts.

The act of 1899 (*Comp. Stat., p.* 2477, §§ 565, 566) provided in section 1 that drivers and attendants of police vans and patrol wagons used in connection with the police department of any city shall be members of the police force, and contains, in section 2, the following saving clause: "But no drivers or attendants * * * shall be entitled to the benefit of any pension acts affecting such city."

The amendatory act of 1912, cited above, provides that "the drivers and attendants of police vans and patrol wagons used in connection with the police department, *also all telegraph linemen, janitors or janitrices and matrons of the police department of such city* * * * shall be members of the police force of such city."

Section 2, as amended, provides that "all such drivers, attendants, telegraph linemen, janitors or janitrices and matrons now in the employ of such city are hereby transferred to and made a part of the police force thereof without further appointment or action, in addition to the number of policemen limited by law for such city."

It is to be observed that in amending the act of 1899 the saving clause was excised altogether from section 2 of the act, and, as observed in *Public Service Railway Co.* v. *General Omnibus Co.,* 93 *N. J. L.* 344, the circumstance that the leg-

islature eliminated the clause from the act must be given some significance. The necessary inference is that the legislature intended that these employes should be entitled to the benefits of police pension acts immediately upon becoming members of the police force.

Relator claimed no right to be placed on the roll of members of the police department entitled to the benefits of the then existing police pension fund, and made no contributions to that fund, prior to the enactment of the 1920 statute, but her failure in that regard will not bar her from now asserting a right to participate in the benefits of the fund created by the act of 1920. An examination of the legislation, setting up police pension funds, as it existed prior to the time the 1920 act became effective, as found under the head of "Fire and Police," in the compiled statutes, and more particularly the provisions of the act of 1885 (*Comp. Stat., pp.* 2346, 2347, § 89 *et seq.,* being the act under which the police pension fund of the city of Trenton was created), shows that participation in the benefits of such legislation was optional, and that the duty of contributing to such a fund devolved only upon those members of the police force or department who chose to secure for themselves and their dependents the benefits of the statute.

The act of 1920 differs from the act of 1885, and provides, in section 4, that "there shall be deducted from every payment of salary to such member of the police and fire departments in such municipality two per centum of the amount thereof," and in case a member entered the service after attaining the age of thirty-five years, that the percentage shall be increased to such amount as shall be determined by the pension commission to correspond to the risk arising by the additional age of the member. That provision casts a clear duty upon the officer of the municipality charged with the duty of payment of salaries to members of the police and fire departments, to make deductions in amounts thus fixed from the payment of all salaries paid to members of such departments, without regard to their wishes or desires.

The single question presented in this case, therefore, is whether or not the relator is a member of the police department of the city of Trenton within the meaning of the act of 1920. That it was the intention of the legislature that the benefits of the act should inure to members of the department, other than those performing police duty, is indicated by the provision in section 2 that where "a person being a *member or employe* of the police or fire department shall desire to retire by reason of injury or disease, said person shall make application," &c., and, again, in section 5, wherein provision is made for the election of *"one policeman* of the police department and *one fireman* of the fire department" to serve on the pension commission—a clear and special recognition of classes, as a part of the departments.

In construing the Fire Pension act of 1902 (*Pamph. L., p.* 793), containing the identical language used in the act of 1920, Mr. Justice Reed says, at *p.* 411 of the opinion (*Liffingwell* v. *Kiersled,* 74 *N. J. L.* 407) : "Indeed, there seems no reason to be drawn from the language of the statute in which the class of beneficiaries can be held to be more restricted than a class composed of all members of the fire department, and that these relators [a lineman, a watchman and a veterinary surgeon] are members of such department seems to be not a matter for dispute."

Likewise, it is impossible to draw from the language of the 1920 act any line of cleavage. This forces the conclusion that the legislature dealt with all the members of the police and fire departments as a class, without regard to the character of the employment. Moreover, the act of 1920 is a general act, and by express terms repeals all acts and parts of acts inconsistent therewith. It evinces a legislative intent and adopts a policy to make provision for the care and maintenance of all the members of such departments in case of death or disability, and the widows, children and sole dependent parents of deceased members, and should be construed to effectuate that intent. *Hulme* v. *Board of Commissioners,* 95 *N. J. L.* 30; *affirmed, Id.* 545.

The construction that the act includes all and excludes none of the members of the police and fire departments finds strong support in the provision contained in section 4 requiring the municipality to raise by taxation and pay into the fund yearly "an amount equal to four per centum of the total salaries paid to the members" of such departments.

Since the provision for deduction from the salary paid to each member of the police and fire departments is mandatory, it follows that each member is entitled to share in the benefit of the pension fund, and the relator's right to a writ commanding the police and fire pension commission to fix and determine an amount to be paid by her to the fund, pursuant to section 4 of the act of 1920, and to place her name upon the roll as a member of the police department entitled to the benefit of the fund, is clear, as well as her right to compel the director of revenue and finance to deduct from her salary the amount so fixed and determined by the commission.

A peremptory writ of *mandamus* will issue.